UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARNULFO MEJIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-10226 |
| | ) | |
| EARTH STONE AND WATER LLC, | ) | |
| CHRISTOPHER E. MANN, | ) | |
| and GREGORY J. PARENT, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT AND JURY DEMAND**

### **Introduction**

1. Plaintiff Arnulfo Mejia ("Plaintiff" or "Mejia") brings this action to recover overtime pay for work that he performed for Defendants, Earth Stone and Water LLC, Christopher E. Mann, and Gregory J. Parent (collectively referred to herein as "Defendants"). Mejia worked for Defendants between approximately April 2012 and December 2018. Throughout this time period, Defendants regularly and deliberately failed to pay Plaintiff overtime pay required by law. Defendants provided Mejia with documents each pay period stating the number of hours worked over 40 per week while paying him for those hours in cash without an overtime premium.

2. As a result, Mejia brings this action seeking his wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and under M. G. L. c. 149, § 148, and M. G. L. c. 151, §1A. Plaintiff seeks, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

1

## Parties

3. Plaintiff Arnulfo Mejia is an adult resident of Chelsea, Massachusetts. He worked for Defendants as a laborer from in or around April 2012 until in or around December 2018.

4. Defendant Earth Stone and Water LLC ("ESW") is a Massachusetts corporation incorporated at 54 Lakeside Boulevard, North Reading, Massachusetts.

5. Defendant Christopher E. Mann currently resides at 22 Folsom Court, Exeter, New Hampshire, according to records with the Rockingham County Registry of Deeds. As reflected in corporate records filed with the Massachusetts Secretary of State's Office, he is a manager of Earth Stone and Water LLC. Mr. Mann, along with Defendant Parent, substantially or exclusively controls ESW's policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

6. Defendant Gregory J. Parent currently resides at 54 Lakeside Boulevard, North Reading, Massachusetts, according to records with the Middlesex County Registry of Deeds. As reflected in corporate records filed with the Massachusetts Secretary of State's Office, he is a manager of Earth Stone and Water LLC and the resident agent. Mr. Parent, along with Defendant Mann, substantially or exclusively controls ESW's policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

7. During the relevant time period, Earth Stone and Water LLC was an enterprise engaged in interstate commerce under the Fair Labor Standards Act (FLSA) and the regulations interpreting the FLSA.

8. On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

9. Defendants regularly transacted business in this district during the relevant time period.

10. Plaintiff has received permission to file a Private Right of Action from the Massachusetts Office of the Attorney General. A copy of this authorization, dated January 22, 2019, is attached as Exhibit 1.

### Jurisdiction and Venue

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

14. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

### Factual Allegations

15. Plaintiff worked as a laborer for Defendants from in or about April 2012 to in or about December 2018, when he was terminated.

16. Plaintiff regularly worked more than 40 hours per week throughout his employment.

17. Plaintiff received a check for wages for 40 hours of work per week at the end of each pay period.

18. Plaintiff also received an envelope at the end of each pay period from Defendants with a piece of paper titled "ESW Cash Payments." These documents listed Plaintiff's hours worked above 40 hours and stated the amount of cash payment that Plaintiff received for those hours.

19. In the envelope, Plaintiff received the amount in cash listed on the paper, equaling regular pay for those hours worked, without an overtime premium.

## COUNT I
## FAILURE TO PAY OVERTIME – FLSA

20. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiff overtime compensation at one-and-a-half times his regular hourly rate for hours worked in excess of 40 hours per week.

21. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

22. Plaintiff has been damaged by these violations of 29 U.S.C. § 207(a).

23. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiff for the full amount of his unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiff in bringing this action.

## Count II
## NONPAYMENT OF WAGES

24. Defendants violated the Massachusetts Wage Act, M. G .L. c. 149, § 148, by failing to pay on a timely basis all wages due, including pay required by federal overtime law, to Plaintiff.

25. Plaintiff has been damaged by these violations of M. G. L. c. 149, § 148.

26. Defendants are liable to Plaintiff pursuant to M. G. L. c. 149, § 150 for or the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

### **Prayer for Relief**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A. Determine the damages sustained by Plaintiff as a result of Defendants' violations of federal and state employment laws, including the Fair Labor Standards Act, the Massachusetts Wage Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiff, plus additional liquidated and treble damages and interest as provided for by law;

B. Award Plaintiff costs of this suit, including, without limitation, reasonable attorneys' fees; and

C. Any other or further relief as the Court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

ARNULFO MEJIA,

By his attorney,

/s/ Audrey Richardson

Audrey Richardson (BBO #630782)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
arichardson@gbls.org
617-603-1644

Dated: February 4, 2018